```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JESUS MARTINEZ,                                              :
                                                             :
                        Plaintiff,                           :
                                                             :    18-CV-7009 (OTW)
                -against-                                    :
                                                             :    **OPINION & ORDER**
CHESTNUT HOLDINGS OF NEW YORK, INC., et                      :
al.                                                          :
                                                             :
                        Defendants.                          :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff brings this action against Chestnut Holdings of New York, Inc. ("Chestnut"), 219 LLC, and Prana Real Estate Equity Funds, LLC ("Prana") in accordance with the Fair Labor Standards Act ("FLSA"), the Family Medical Leave Act ("FMLA"), the New York Labor Law ("NYLL"), and New York City Human Rights Law ("NYCHRL") for alleged unpaid overtime compensation, failure to pay minimum wage, failure to provide wage statements, unlawful retaliation, unlawful interference, and unlawful disability discrimination. (ECF 1). Plaintiff and Prana reached a settlement in January 2019, which was subsequently approved by the Honorable Gregory H. Woods. (ECF 52). The remaining parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 68). For the reasons below, the Court **APPROVES** the settlement.

**I.     Background**

Plaintiff was hired by then-owner 219 Valentine Associates, LLC as a residential superintendent in 2007 and, as a condition of his employment, lived with his family in a

1

basement apartment within Defendants' five-story walk up apartment building. (ECF 1 ¶ 26). He alleges he worked seven days and approximately sixty-seven hours per week and performed various cleaning tasks and repair work. (*Id*. ¶ 28-30). Plaintiff was paid a flat rate of $375 per week, which was later raised to $426.50 per week, based on a forty-hour work week. (*Id*. ¶ 35). Despite several changes in the building's ownership and its management companies, Plaintiff continued working as a superintendent and performing the same duties.[1] (*Id*. ¶¶ 27, 33-34).

In 2016, the building was sold to Chestnut, and soon thereafter, Plaintiff began receiving disciplinary warnings despite never having been disciplined in his job before. (*Id*. ¶¶ 48-50). The warnings were related to his occupancy of the basement apartment and not to his job performance. (*Id*. ¶¶ 49-50).

In September 2016, Plaintiff suffered a knee injury while walking down a set of steps to check the building's boiler. (*Id.* ¶51). Plaintiff continued with his job duties and asked his two adult sons to assist him with his work until visiting the doctor and being advised to take three days off from work. (*Id*. ¶¶ 54-59). Plaintiff received a doctor's note, informed his supervisor that he would need time off, and faxed the note to his supervisor. (*Id*. ¶ 59-60). Plaintiff also asked his sons to complete his work during his time off. (*Id*. ¶ 62). Shortly thereafter, Plaintiff was terminated. (*Id*. ¶ 64). Plaintiff did not receive a reason for his termination. (*Id*.) Approximately two weeks later, Chestnut sought to evict Plaintiff from his apartment. (*Id*. ¶ 67).

Plaintiff filed his complaint on August 3, 2018. (*Id*.) Plaintiff settled with Prana in January 2019. (ECF 52).

---

[1] Plaintiff states that the building was sold to Prana and its New York subsidiary, 219 East 196th St. LLC in or around July 2007. (ECF 1 ¶ 27).

2

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

   a. **Range of Recovery**

Plaintiff alleges a maximum recovery against Chestnut under FLSA to be approximately $40,484 ($20,242 in unpaid wages plus $20,242 in liquidated damages). (ECF 75 at 4). The proposed settlement amount is $31,483.72. (ECF 75 at 3). Of the total settlement amount, Plaintiff would receive $25,000 and Plaintiff's counsel would then take $6,483.72 in fees and costs. (*Id.*) The Plaintiff's settlement amount thus represents approximately 61% of Plaintiff's alleged maximum damages and is greater than the alleged amount of unpaid wages.[2] Given the

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL

risks of litigation as noted below, the Court finds this amount reasonable.

   b. **Burden and Risks of Litigation**

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the significant factual disputes present in this case present them with considerable risks were they to proceed with litigation. (ECF 75 at 5). Plaintiff alleges he worked upwards of 67 hours per week, but Defendants proffer that they would present multiple witnesses and payroll documents purporting to establish that he worked less. (*Id*.) Defendants also acknowledge that protracted litigation would require extensive attorney time, payment of interpreters, and the significant costs associated with depositions and trial. (*Id*.)

   c. **Arm's Length Negotiation**

The parties represent that the settlement was a product of extensive negotiations, including the use of a mediator, and there is no evidence to the contrary. (*Id*. at 5-6).

   d. **Risk of Fraud or Collusion**

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff ceased employment with Defendants prior to the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer. (*See* ECF 1).

   e. **Additional Factors**

The release is appropriately limited to claims based on Plaintiff's employment up to the

---

1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $6,483.72 is reasonable and represents approximately 21% of the total award.[3] This is consistent with, and even below, fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). The proposed amount of $6,483.72 is also less than the total recorded fees and costs submitted by Plaintiff's counsel.[4] (ECF 75 at 8-9).

---

[3] Plaintiff is represented by attorneys from the New York Legal Assistance Group ("NYLAG") and Outten & Golden, LLP. NYLAG is requesting $1,502.72 in fees and Outten & Golden is requesting $4,508.14 in fees and costs. (ECF 75 at 8-9).
[4] Plaintiff has submitted charts detailing attorney and paralegal billing rates and hours expended on this case totaling $28,432. (ECF 75 at 8-10). The Court strongly questions the appropriateness of a rate of $975 per hour for Ms. Peratis and $700 per hour for Mr. Stromberg, as well as rates of $270 per hour for the four paralegals, in a

5

**III.     Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. It is **HEREBY ORDERED** that the action is dismissed with prejudice and without costs. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**


Dated: January 9, 2020
        New York, New York

                                                                    *s/ Ona T. Wang*
                                                                    **Ona T. Wang**
                                                                    United States Magistrate Judge

---

relatively straightforward employment case, but does not find it necessary to rule on the matter as the overall fees being sought are still well below the potential lodestar of $21,999.50 even if the fees of these individuals are entirely excluded. (*See id*. at 9).